IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Bryan J. FISCHER, Attorney at Law.

Supreme Court

*No. 92–1193–D. Filed May 20, 1993*

(Also reported in 499 N.W.2d 677.)

PER CURIAM.  *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of Attorney Bryan J. Fischer to practice law
in Wisconsin be suspended for 60 days as discipline for
professional misconduct he engaged in while working
for an organization providing legal services to inmates
seeking relief from incarceration. Attorney Fischer's

misconduct consisted of signing pleadings and briefs as attorney of record in five matters without first having examined the files of the parties on whose behalf he was signing those documents, meeting with them or otherwise discovering the basis for claims and arguments set forth in those pleadings and briefs and misrepresenting to the Board of Attorneys Professional Responsibility (Board) during its investigation of his conduct the work he performed in one of those cases.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Fischer's professional misconduct in these matters. Attorney Fischer knowingly and willingly served as a mere conduit for the filing of pleadings and papers, many of them found to be frivolous, in the courts in Wisconsin. By signing his name to those documents, Attorney Fischer assumed professional responsibility for their content but failed to take any action consistent with a recognition of that responsibility. Taking into consideration the mitigating factors discussed below, the seriousness of Attorney Fischer's misconduct here warrants the imposition of a license suspension for the minimum period.

Attorney Fischer was admitted to practice law in Wisconsin in 1987 and is not currently engaged in the practice of law. His most recent legal employment was service as corporation counsel of Manitowoc county. He has not previously been the subject of an attorney disciplinary proceeding.

On the basis of the parties' stipulation of facts, the referee, Attorney Stanley Hack, made the following findings. In 1988, while unemployed, Attorney Fischer answered an advertisement placed by the American Constitutional Coalition Foundation, Inc., seeking to retain the services of attorneys to do legal work on

behalf of inmates seeking relief from incarceration. During 1988 and 1989, Attorney Fischer signed pleadings, briefs and other legal papers as attorney of record for several inmates, for which ACCF paid him a total of $550.

In one of those cases, an inmate serving a federal sentence in Wisconsin sought return to the District of Columbia on the grounds that his family was there and that he was not being given treatment for drug addiction in Wisconsin. The inmate paid ACCF $500 to prepare and file all pleadings, motions and briefs required to obtain the transfer.

In September, 1988, ACCF sent Attorney Fischer a copy of a complaint to sign alleging that several parties had conspired to violate the plaintiff's constitutional rights. Although he did not know who had drafted the complaint, Attorney Fischer signed it the next day without having contacted the plaintiff, without inquiring into the basis of the allegations set forth in it and without making any alterations to it. He received $100 from ACCF for his services. One month later, he signed a response to a brief filed in the proceeding without having seen the brief to which the response was being made and despite the fact that the response did not address the argument that the action should be dismissed for failure to effect proper service. Attorney Fischer received $50 from ACCF for signing the response. Subsequently, the federal court dismissed the defendants from the action for lack of subject matter jurisdiction and ordered Attorney Fischer to pay $250 pursuant to Rule 11 of the Federal Rules of Civil Procedure.

In another matter, Attorney Fischer signed a complaint under similar circumstances and a response to a motion to dismiss, without having seen that motion or

the brief filed in support of it. ACCF paid him $150. The court ultimately dismissed the action.

In a third matter, Attorney Fischer signed motion papers that set forth the same allegations the plaintiff had previously made in pro se petitions and that were rejected by the state court. The motion he signed and for which he was paid $100 recited, in part, "After an exhaustive review . . ., counsel is of the opinion that various issues of a serious constitutional magnitude are present in this case . . . ." In fact, Attorney Fischer never had contact with the inmate on whose behalf he signed the motion ACCF had sent him. In a fourth matter, Attorney Fischer signed a petition for habeas corpus relief without any knowledge of or contact with the petitioner or any knowledge of the petitioner's case. He received $50 for signing the petition, which was subsequently dismissed.

A fifth matter concerned a civil action filed pro se in federal court by a former police officer seeking $8,000,000 in damages. After the plaintiff contacted ACCF for assistance, Attorney Fischer received and signed an amended complaint against 15 defendants alleging a conspiracy involving police officers, city officials, radio and television stations, newspapers, insurance companies and a police department, for which ACCF paid him $50. After the defendants filed motions to dismiss, Attorney Fischer signed a request for an extension of time to respond, stating that time was needed to locate witnesses and representing that counsel had reviewed all available documents and discovery pertaining to the case. In fact, however, Attorney Fischer had made no effort to locate witnesses and had not reviewed any of the documents pertaining to the case. Indeed, he had not seen the motions to dismiss or the briefs filed in support thereof.

Thereafter, one of the defendants moved for dismissal on the ground of defects in the pleadings, sending a copy of that motion directly to Attorney Fischer. Even though that motion raised fundamental questions concerning the amended complaint's having addressed jurisdictional defects for which the original complaint had been dismissed and demanded Rule 11 sanctions against him, Attorney Fischer did not review the original complaint, the amended complaint or any of the documents subsequently filed. He later signed a brief opposing a motion to dismiss in which he asserted that he had reviewed a large amount of data supplied by the plaintiff when, in fact, he had neither requested nor seen any such data. The federal court ultimately dismissed the amended complaint and imposed Rule 11 sanctions on Attorney Fischer and the plaintiff.

During its investigation of grievances concerning these matters, the Board asked Attorney Fischer the extent to which he had undertaken an independent assessment of the documents filed in the civil action prior to signing those documents. Attorney Fischer described in considerable detail independent research he purportedly had done prior to signing the briefs in opposition to the motions to dismiss. As to one of them, he said he had spent up to six hours researching cases to determine whether each of the propositions set forth in the brief was adequately supported by cases cited in it. In his letter to the Board he listed and briefly discussed some 20 cases he said were included in the scope of his review. Contrary to those representations concerning his research of the issues, the brief he signed was filed approximately an hour and a half after he had received it.

In regard to the second brief, Attorney Fischer told the Board he had reviewed legal texts, in which he

found two articles relevant to the issues addressed in the brief. He also cited and discussed four cases he said he had read in further research prior to filing the brief. Contrary to those assertions, Attorney Fischer later disavowed having signed the brief when he filed an affidavit in federal court in support of his motion to have Rule 11 sanctions imposed on ACCF rather than on himself and on the plaintiff. In that affidavit, Attorney Fischer asserted that the brief was one of a number of documents that had not been submitted to him for signing and on which his signature was an unauthorized facsimile.

Based on those facts, the referee concluded that by executing complex complaints and briefs on behalf of persons without communicating with them, without examining their case files, without seeking to discover the basis of allegations and arguments set forth in the complaints and briefs and without any independent assessment of their legal sufficiency, Attorney Fischer acted in these matters without the legal knowledge, skill, thoroughness and preparation reasonably necessary for representation, in violation of SCR 20:1.1.[1] He also violated that rule by filing responses to motions without having seen the motions. The referee further concluded that by falsely representing to the Board that he had undertaken extensive research prior to signing two briefs when in fact the research was done five months after he had filed those briefs and only after the Board had initiated its investigation of his

---

[1] SCR 20:1.1 provides:

**Competence**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

conduct in the matter, Attorney Fischer violated SCR 22.07(2).[2]

In recommending a 60–day license suspension as discipline for that misconduct, the referee took into account that Attorney Fischer had very little experience, if any, in legal matters, believed ACCF had in-house counsel whom he was assisting in these matters, withdrew from the cases once the problems with ACCF became apparent, refunded the fees two of the clients had paid ACCF and paid some of the Rule 11 costs imposed on him and some of the parties he purported to represent. Notwithstanding Attorney Fischer's inexperience, the referee stated that it would have been reasonable to expect even a new attorney to be concerned with an organization that merely sought an attorney to sign pleadings and briefs for a nominal payment. The referee also noted that the fact he was asked to sign nine documents without being given time to review them should have caused Attorney Fischer to question the conduct of ACCF, as well as his own, in these matters.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Fischer's professional misconduct in these matters. The recommended

---

[2] SCR 22.07 provides:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

60–day license suspension is appropriate discipline for that misconduct. We reject Attorney Fischer's request that the license suspension be imposed retroactively to coincide with a 60–day leave of absence he sought from his employment as corporation counsel for Manitowoc county, commencing January 4, 1993, which he suggested was in anticipation of the disposition of this disciplinary proceeding. Instead of granting him the leave, the county requested and received his resignation.

We also reject Attorney Fischer's objection to the Board's statement of costs incurred in this proceeding and his alternative request for an extension of time to pay those costs. As grounds for that objection, Attorney Fischer mistakenly asserted that the Board's statement was not filed within the time set forth in the court's rule. He further contended that the costs included unnecessary work by Board counsel in respect to investigative reports concerning ACCF. In response to that objection, the Board noted that the extensive services provided by its counsel were necessitated by Attorney Fischer's responses and requests for discovery during the course of this proceeding. In response to the request for an extension of time to pay the costs, the Board took the position that Attorney Fischer has failed to make a sufficient showing of his current inability to pay those costs.

IT IS ORDERED that the license of Bryan J. Fischer to practice law in Wisconsin is suspended for a period of 60 days, commencing June 21, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order Bryan J. Fischer pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a show-

ing to this court of his inability to pay the costs within that time, the license of Bryan J. Fischer to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Bryan J. Fischer comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.